ALBION B. CASTON *versus* MONMOUTH M. F. INS. CO.

By virtue of § 2, c. 34, of the Public Laws of 1861, any application for insurance, drawn by an agent of an insurance company, is conclusive upon the company, although it contain a representation material and untrue.

In an action upon a policy, the defendants cannot, under the specification of defence that, "if the house was destroyed, as alleged, plaintiff never gave any legal notice thereof to the defendants," require the plaintiff to prove that he delivered to them, or their agent, as particular account of the loss, &c., as required by § 5* of c. 34.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding.

In the application, the question was asked—"by whom are the premises occupied, and for what use?" The answer was—"self and family for farm use."

*James M. Carpenter*, called by plaintiff, testified : —

"I have been agent of the defendants for nearly seven years. I took the application of the plaintiff for this policy of insurance. I filled it myself. I inspected the premises and wrote it out from what I saw. I don't think Caston had anything to say as to how the premises should be described in the application. I wrote the answer to the question about the occupancy myself. The premises were sold by Parker to the plaintiff the same day the application was made, and Parker was in the house at the time but left in a short time after, and I made this statement in the usual manner. I made the writings between plaintiff and Parker and knew all the facts about the ownership and occupancy. I fixed

---

* Stat. 1861, c. 34, § 5. "In case of loss, under a policy against fire, the insured shall notify the company or its agent of the fire, and, within a reasonable time afterwards, shall deliver to the company or its agent, as particular an account of the loss and damage as the nature of the case will admit, stating therein his interest in the property, what other insurance, if any, existed thereon, in what manner the building insured, or containing the property insured, was occupied at the time of the fire, and by whom, and when and how the fire occurred, so far as he knows or believes; such statement shall be sworn to before some disinterested magistrate, who shall certify that he has examined the circumstances attending the loss, and has reason to, and does believe such statement is true," &c.

Caston *v.* Monmouth M. F. Ins. Co.

the sum to be insured on the buildings. The house was formerly insured in the same company for $150. I cut it down to $125, and plaintiff assented. The house was burnt in July, 1863. It was worth $200 at the time. After the fire, plaintiff applied to me to write the notice to the defendants, and I did. One of the directors, Mr. Holmes, came down to view and investigate the case. I went with him and showed him the place; told him what was burnt and what its value was.

*Cross-examination.* — This house was very old. I have known it twenty-five years, and it was old then. It had been kept in fair repair for a farm house, until recently. No one occupied the house, that I know of, after Parker left. I did not know, when I filled the application, that the plaintiff was to occupy it. Nothing was said about it that day. Plaintiff lived with me two-thirds of the time, that summer, but his home was at his mother's, $1\frac{1}{4}$ miles, by the road, from this house, and two-thirds of a mile, in an air line.

The remaining facts appear in the opinion.

*J. Baker*, for the plaintiff.

*Libby*, for the defendants.

DICKERSON, J. — This is an action upon a policy of insurance against fire. After introducing evidence of his title, the policy of insurance, application, proof of the loss by fire, the amount of the loss, and notice, the plaintiff rested his case. Thereupon, on motion of the defendants, the Court ordered a nonsuit, and the plaintiff excepted.

It is argued in support of the nonsuit, —

1. That the representation in the application in regard to the occupancy of the house insured, was material and untrue.

The case finds that the application for insurance, including the valuation and description of the property, was drawn up by the agent of the company, who "knew all the facts about the ownership and occupancy." The statute of 1861,

c. 34, § 2, makes an application thus drawn up conclusive upon the company.

2. It is further argued in support of the nonsuit, that the plaintiff did not comply with the terms of the policy, and the requirement of the statute of 1861, c. 34, § 5, in regard to notice.

The plaintiff notified the company of the fire the next day after it occurred by letter, through the agent who effected the insurance. This was a compliance with the stipulation in the policy. No other notice was given; and the defendants insist that the plaintiff should also have delivered to the defendants or their agent "a particular account of the loss and damage," as required by § 5, c. 34, of the statute of 1861. The plaintiff replies that this objection is not open to the defendants under their specifications of defence. If the defendants can avail themselves of this ground of defence, they concede that it must be under the sixth specification, which declares that, "if the house and L were destroyed, as is alleged, plaintiff never gave any legal notice thereof to the defendants." The notice required by the statute does not differ materially from that specified in the policy, and given by the plaintiff. Statute of 1861, c. 34, § 5. There was no occasion for two notices of the same fact; the notice given by the plaintiff was a compliance with the statute in respect to notice as well as the policy.

The objection arising from the alleged non-delivery by the plaintiff to the defendants of "a particular account of the loss and damage," mentioned in the statute, is not open to the defendants, as they have not set forth this ground of defence in their specifications. Whether, if open to the defendants, it would avail them to defeat the action, has been seriously questioned, the plaintiff having given the notice required in the policy. *Fox* v. *Conway Fire Ins. Co.*, 53 Maine, 109.

This view of the case renders it unnecessary to consider

the question of waiver, and the other points raised by the plaintiff's counsel at the trial.

> *Exceptions sustained,*
> *Nonsuit stricken off,*
> *Case to stand for trial.*

APPLETON, C. J., KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.